J-S18014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DION TEMPLE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHADEEN JOHNSON | : | No. 2075 MDA 2018 |

Appeal from the Order Dated November 15, 2018
In the Court of Common Pleas of York County Civil Division at No(s):
2018-FC-002120-23

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED: APRIL 30, 2019**

Dion Temple appeals *pro se* from the November 15, 2018 order transferring this action contesting paternity to Philadelphia County.  We dismiss the appeal.

We gather from the trial court's opinion and order of November 15, 2018, that Mr. Temple filed the instant action in York County seeking to contest his paternity as to a child born in 2002 and for which a support order was litigated in Philadelphia County in which Mr. Temple executed an acknowledgment of paternity in 2007.  The court determined that Philadelphia County was thus the proper venue for the action.

Mr. Temple filed a notice of appeal to the Commonwealth Court, which transferred the case to this Court.  Mr. Temple's brief in support of his appeal is as follows in its entirety, verbatim:

* Former Justice specially assigned to the Superior Court.

STATEMENT OF THE CASE

This is an appeal of the Court of Common Pleas of York County, of Pennsylvania dismissal of Plaintiff Dion Temple wrongful transfer/Jurisdiction to Philadelphia, PA. Petitioner is a resident of York County for 2 years. November 2, 2018, the Court of Common Pleas Stipulated of no contest to petitioner's Informa Pauperis Petition. Opinion and order transferring case to Improper Venue is true and correct. Under the caption Improper Venue is in big bold lettering and can't be denied or over looked. Order October 19, 2019 does not cite any law or statues nor was there a hearing, nor did Judge Michael W. Flanney give petitioner notice of right to appeal. Petitioner took it upon himself to check the status of petition by calling the Court of Common Pleas and put on notice that petition was denied. There are NO transcripts of such hearing.

STATEMENT OF FACTS

Most of the facts regarding the history of Petitioners issues are undisputed, and significant.

Mr. Temple's brief at 1.[1]

"[A]lthough this Court is willing to construe liberally materials filed by a

*pro se* litigant, a *pro se* appellant enjoys no special benefit." **Commonwealth**

**v. Tchirkow**, 160 A.3d 798, 804 (Pa.Super. 2017). "[A] *pro se* litigant must

comply with the procedural rules set forth in the Pennsylvania Rules of the

Court." **Commonwealth v. Freeland**, 106 A.3d 768, 776 (Pa.Super. 2014)

(internal quotation marks omitted). "Any layperson choosing to represent

himself in a legal proceeding must, to some reasonable extent, assume the

_____

[1] Appellee Shadeen Jones has not filed a brief. It is unclear whether she is aware of this appeal, as all correspondence mailed to her at the address provided by Mr. Temple in his proof of service was returned as undeliverable, and this Court's prothonotary was unable to discover a valid address for her.

risk that his lack of expertise and legal training will prove his undoing." **Commonwealth v. Gray**, 608 A.2d 534, 550 (Pa.Super. 1992) (cleaned up).

Mr. Temple's brief does not contain a statement of questions presented as required by Pa.R.A.P. 2111(a)(4). His brief also is in violation of Pa.R.A.P. 2111(a)(1) (requiring a statement of jurisdiction); Pa.R.A.P. 2111(a)(3) (requiring a statement of the scope and standard of review); Pa.R.A.P. 2111(a)(6) (requiring a summary of argument); and Pa.R.A.P. 2111(a)(8) (requiring an argument section). The brief further is devoid of citations to the record or to any legal authority as are required by Pa.R.A.P. 2119(c) and (b), respectively.

Mr. Temple's complete disregard for the Rules of Appellate Procedure has left this Court unable to conduct meaningful review. **See**, **e.g.**, **Commonwealth v. Sanford**, 445 A.2d 149, 151 (Pa.Super. 1982) (declining to address merits of appeal because the brief was "so defective as to preclude effective, appellate review"). Accordingly, we dismiss this appeal without considering its merits. **See** Pa.R.A.P. 1911(d) ("If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal."); Pa.R.A.P. 2101 ("[I]f the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be . . . dismissed.").

- 3 -

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/30/2019